[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON ALLOCATION OF FEES FOR THE MINOR CHILD'S COUNSEL AND CHARGES FOR DR. WARDEN
This matter is before the court upon yet another occasion having to do with counsel fees for counsel for the minor child and payment of Dr. Warden's charges for services as psychological counselor for Peter.
On June 8, 1990, the court found $2,250.00 to be a CT Page 1614 fair and reasonable amount by way of counsel fees for counsel for Peter and ordered that allocation thereof would be ruled upon subsequently. The parties appeared on August 3, 1990 and offered evidence and argued the question of allocation. At that time, counsel for the minor child presented a supplemental statement. The court finds the further statement in the amount of $850.00 to be fair and reasonable and allows counsel fees in the total amount of $3,100.00.
The question of allocation of fees of Attorney Wocl has been before the court on two previous occasions. Judge Cocco ruled on November 6, 1989 and ordered that each of the parties should share equally in the payment of Attorney Wocl's fees. Judge Thim ruled on April 20, 1989 that the plaintiff was to pay one third and the defendant two thirds of Attorney Wocl's fees. The court finds upon the evidence offered on August 3, 1990 that the plaintiff has an additional $54,000.00 in certificates of deposit which were not included in her financial affidavit.
The question of who should pay and how much of the child's counsel's fees is controlled by 46b-62 of the General Statutes. Each of the parties has "ample liquid funds" with which to pay counsel for the child. Each of the parties is responsible for the support of the child taking into consideration all the factors enumerated in 46b-84 of the General Statutes. Having considered all those factors and the role of Attorney Wocl as counsel for the minor child, the court orders that the defendant shall pay two thirds of Attorney Wocl's fees and the plaintiff shall pay one third of Attorney Wocl's fees. The plaintiff shall, therefore, pay Attorney Wocl $1,033.00 and the defendant shall pay $2,064.00 to Attorney Wocl on or before September 1, 1990.
With regard to the charges for Dr. Warden, the court is of the opinion that this issue has different considerations than those involved upon the allocation of counsel fees for Peter. Dr. Warden is meeting with Peter on Monday evenings and with the defendant and Peter on Thursday evenings. Dr. Warden's charges are $90.00 per session or $180.00 per week. Medical insurances does cover one half of Dr. Warden's charges.
Under the terms and provisions of the parties' property settlement agreement dated April 21, 1987 (Article VI) which was incorporated by reference in the decree dated April 21, 1987, the defendant agreed to pay two thirds of all unreimbursed medical and dental expenses for Peter and the plaintiff agreed to pay one third.
The court orders that the plaintiff shall pay one CT Page 1615 third and the defendant shall pay two thirds of the unreimbursed portion of Dr. Warden's statements for services. The defendant shall first pay Dr. Warden's statements for services, submit the same to his insurance carrier for reimbursement and then submit a statement to the plaintiff evidencing the original charges of Dr. Warden, the insurance reimbursement received and the amount due from the plaintiff being one third of the balance. The plaintiff shall reimburse the defendant within two weeks of her receipt of such statement.
Orders shall enter upon this matter accordingly.
EDGAR W. BASSICK, III, JUDGE